# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   PHYLLIS CROWDER,                                    No. 7-96-10336 ML

Debtor.

## ORDER DENYING CATALINA DEVELOPMENT, INC.'S MOTION FOR NEW TRIAL

THIS MATTER is before the Court on Catalina Development, Inc.'s Motion for New Trial and Memorandum in Support Thereof  ("Motion for New Trial").   The Motion for New Trial requests the Court to grant a new trial on the issue of whether the terms of an August 4, 2005 Memorandum ("Memorandum") executed by the Chapter 7 Trustee, Barnard R. Given, II, and Gregory W. Collins included a permanent easement in favor of Catalina Development, Inc. ("CDI") and certain other related entities owned by Gregory W. Collins over the streets located in the Santa Teresa subdivision.  The Chapter 7 Trustee filed a Response in Opposition to Catalina's Motion for New Trial ("Response"), with supporting affidavits.  Upon review of the Motion for New Trial, the affidavits attached thereto, and the Response and the affidavits attached to the Response, the Court finds that Motion for New Trial fails to raise sufficient grounds to grant a new trial in accordance with the standards of Rule 59, Fed.R.Civ.P..  Accordingly, the Court will deny the Motion, and in connection therewith, the Court  FINDS:

1.   On October 24, 2006, the Chapter 7 Trustee filed a Motion to Approve Settlement of Paseo Village Homeowners Association Claim No. 184 ("Motion to Approve Settlement").

2.   CDI filed an objection and an amended objection to the Motion to Approve Settlement.   *See* Docket #1607 and #1608.   The amended objection asserted that the Chapter 7 Trustee granted CDI access over the streets in the Santa Teresa subdivision, and that any

1

conveyance of the streets contemplated by the proposed settlement should be subject to the grant of access to CDI and its assigns.

3. A final hearing on the Motion to Approve Settlement was held on February 12, 2007, after which the Court took the matter under advisement.

4. At the final hearing on the Motion to Approve Settlement, CDI put the issue of whether the Memorandum contained a permanent easement squarely before the Court. At the close of the hearing, CDI did not assert that the Chapter 7 Trustee's testimony regarding the Memorandum was inconsistent with his prior actions, or that such testimony was a surprise to CDI.

5. The Court entered its Order Granting Motion to Approve Settlement of Paseo Village Homeowners Association Claim No. 184, Subject to Certain Conditions ("Order Conditionally Approving Settlement") on March 14, 2007. (*See* Docket # 1649).

6. On April 5, 2007, the Chapter 7 Trustee filed a Notice of Filing Amended Settlement stating that the Chapter7 Trustee has satisfied all of the conditions contained in the Order Conditionally Approving Settlement. (*See* Docket # 1655).

7. On April 11, 2007, the Court entered its Final Order Approving Settlement of Claim No. 184 (Santa Teresa Homeowners Association, a/k/a Paseo Village Homeowners Association) ("Final Order Approving Settlement"). (*See* Docket #1656).

8. CDI timely filed its Motion for New Trial on April 23, 2007. (*See* Docket # 1659).

9. Rule 59(a), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 9023, Fed.R.Bankr.P., provides:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new

trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, an direct the entry of a new judgment.

Rule 59(a), Fed.R.Civ.P.

10. "[I]n non-jury cases, new trials are typically ordered under Rule 59(a) only when there has been a manifest error of law or a mistake of fact." *In re Ying Ly,* 350 B.R. 757, 759 (Bankr.W.D.Mich. 2006) (citing *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir.1995)).

11. Similarly, motions to alter or amend a judgment under Rule 59(e), Fed.R.Civ.P., will be granted only for the purpose of correcting manifest errors of law or fact; reviewing newly discovered evidence; or revising a prior decision due to an intervening change in controlling law. *Sunflower Racing, Inc. v. Mid-Continent Racing & Gaming Co. I (In re Sunflower Racing, Inc.),* 223 B.R. 222, 223 (D.Kan. 1998). CDI does not assert that there has been an intervening change in controlling law.

12. None of the evidence in the form of affidavit or otherwise that CDI offers in support of its Motion for New Trial constitutes newly discovered evidence that was not available at the time of trial. Indeed, at least one of the exhibits CDI attaches in support of its Motion for New Trial was introduced and admitted at the final hearing on the Motion to Approve Compromise. (*See* Letter from Chapter 7 Trustee dated April 18, 2006, admitted as Exhibit T-9 at the final hearing on the Motion to Approve Compromise, and attached to Affidavit of Chuck McMahon, in support of CDI's Motion for New Trial) CDI raised the issue of whether the Memorandum constituted a permanent easement over the streets located in the Santa Teresa subdivision in its objection and at the final hearing. It should have been prepared to present testimony from all

3

parties who could support this position. The affidavits filed by CDI in support of its Motion for New Trial represent testimony that CDI should have been prepared to present in the first instance. For this reason, the Court, also finds that the Motion for New Trial and supporting affidavits fail to show that the court has made a manifest error of fact, or that the Court has misapprehended CDI's position as to the facts. *See Sunflower Racing,* 222 B.R. at 223 (noting that "[a]ppropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts . . . ").

13. CDI contends that the Chapter 7 Trustee's testimony at the final hearing on the Motion to Approve Settlement constitutes unfair surprise testimony, warranting a new trial, relying on *Conway v. Chemical Leaman Tank Lines, Inc.,* 687 F.2d 108 (5th Cir. 1982). CDI's reliance on *Conway* is misplaced. In *Conway,* a case tried before a jury[1], the defendant introduced a witness that was not previously identified at the second trial of the proceeding following remand, and after the plaintiffs had rested their case and excused their witnesses. *Id.* at 110. Plaintiffs immediately voiced to the Court their objection to the testimony of the surprise witness. *Id.* Here, the Chapter 7 Trustee did not attempt to introduce an unlisted witness. Nor did CDI object at the final hearing on the Motion to Approve Compromise to what CDI now characterizes as "surprise testimony" on the part of the Chapter 7 Trustee.

14. In support of CDI's assertion of surprise testimony, CDI points, in part, to

---

[1]Rule 59(a) contains separate, but similar, provisions for new trials of matters tried by a jury, and those matters tried without a jury. Rule 59(a)(1) and (2), Fed.R.Civ.P. For matters tried without a jury, a new trial may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." Rule 59(a)(2), Fed.R.Civ.P. "Surprise" as a ground for relief from a judgment or order is found in Rule 60(b)(1), Fed.R.Civ.P.., made applicable to bankruptcy proceedings by Rule 9024, Fed.R.Civ.P.

4

correspondence from the Chapter 7 Trustee wherein he threatens to revoke the temporary authorization for access over the streets in the Paseo Village subdivision as evidence that the Chapter 7 Trustee's actions were inconsistent with his testimony at trial. CDI also offers affidavits in support of its Motion for New Trial attesting to the affiants' understanding of the meaning of the Memorandum.

15. The Court cannot conclude that the Chapter 7 Trustee's actions subsequent to the execution of the Memorandum mislead CDI in its preparation for trial. It may very well be that both the Chapter 7 Trustee and CDI treated the first paragraph of the Memorandum as a condition precedent to the access granted to CDI in paragraph 2 of the Memorandum. The Chapter 7 Trustee's threat to revoke is consistent with this interpretation. So is the statement in the Chapter 7 Trustee's Response that he "only agreed to a temporary accommodation to Catalina while a global agreement regarding the streets was negotiated." In any event, CDI knew prior to trial that the nature of the grant of access contained in the Memorandum was at issue. Indeed, CDI raised the issue in its objection to the Motion to Approve Compromise, and insisted that the issue be resolved by this Court at trial. As discussed above, CDI should have been prepared to present all evidence to support its contention, including testimony from the parties it now seeks to introduce in support of its Motion for New Trial.

16. Based on the foregoing, the Court cannot conclude that CDI was "unfairly made victim of surprise" due to the Chapter 7 Trustee's testimony. As noted by the Court in *Conway,* the grant of a new trial based un unfair surprise is limited "to situations where a completely new issue is suddenly raised or a previously unidentified expert witness is suddenly called to testify." *Conway,* 687 F.2d at 112. Neither of these limited situations apply.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Douglas R. Vadnais
Attorney for Chapter 7 Trustee
PO Box 2168
Albuquerque, NM 87103-2168

Francis S Ainsa, Jr.
Attorney for Catalina Development, Inc.
5809 Acacia Cir
El Paso, TX 79912-4859

6