## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:   PHYLLIS CROWDER,                                    No. 7-96-10336 ML

Debtor.

## ORDER DENYING CHAPTER 7 TRUSTEE'S
## MOTION TO STRIKE CATALINA DEVELOPMENT, INC.'S
## MOTION TO AMEND FINDINGS OF FACT

THIS MATTER is before the Court on the Motion to Strike Catalina Development, Inc.'s

Motion to Amend Findings of Fact ("Motion to Strike"), filed by the Chapter 7 Trustee, Bernard

R. Given, II, by and through his attorneys of record, Modrall, Sperling, Roehl, Harris & Sisk,

P.A. (Douglas R. Vadnais).   The Motion to Strike requests the Court to strike Catalina

Development, Inc.'s Motion to Amend Findings of Fact ("Motion to Amend") (Docket # 1729)

on grounds that the Motion to Amend was not timely filed in accordance with Rule 52(b),

Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7052, Fed.R.Bankr.P. and

Rule 9006, Fed.R.Bankr.P.   Because the Court finds that the Motion to Amend, which seeks to

amend the Court's findings of fact with respect to CDI's allowed cash claim, can properly be

considered in accordance with Rule 3008, Fed.R.Bankr.P., the Motion to Strike will be denied.

## DISCUSSION

The Motion to Amend seeks to amend the Court's Order Determining Allowed Claim of

Catalina Development, Inc. Relating to its "Cash Claim" ("Order"), entered November 9, 2007.

(Docket # 1728).   The Motion to Amend was filed on November 26, 2007, and recites that CDI

is proceeding under Rule 7052, Fed.R.Bankr.P., and Rule 52(b), Fed.R.Civ.P.   Federal Rule

1

52(b)[1] provides that motions seeking to amend or make additional findings must be filed "no later than 10 days after the entry of judgment." Rule 52(b), Fed.R.Civ.P. Time periods applicable to bankruptcy matters are calculated in accordance with Rule 9006, Fed.R.Bankr.P., which provides, in relevant part:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

> Rule 9006(a), Fed.R.Bankr.P.

Because the time limit under Rule 52(b), Fed.R.Civ.P. is ten days, intervening Saturdays and Sundays must be counted in the computation. *See* Rule 9006(a), Fed.R.Bankr.P. Moreover, because the time period in Rule 52(b), Fed.R.Civ.P. begins to run from the entry of the judgment and not from the date of service, Rule 9006(f), Fed.R.Bankr.P., which allows three additional days for service by mail, does not apply.[2] *See, In re Zerr,* 180 B.R. 281, 283 (D.Kan. 1995)(debtors who were served by mail with court's judgment were not entitled to three additional days in which to timely file notice of appeal because appeals period [like Rule 52(b)] runs from date the court's judgment is *entered*, not from the date of service); *Hirsch v. Kelley, Drye & Warren, LLP (In re Colonial Realty Co.),* 216 B.R. 323, 325 (Bankr.D.Conn.

---

[1]Rule 52(b), Fed.R.Civ.P. is made applicable to bankruptcy proceedings by Rule 7052, Fed.R.Bankr.P.

[2]The Court's Order was entered electronically, such that all parties represented by counsel received immediate notice of the entry of the Order by electronic means.

2

1997)("Because the time period for filing a motion for reconsideration begins to run after the entry of an order, Rule 9006(f) did not enlarge the defendant's time to file such motion.").  Thus, not counting the day the Order was entered but including intervening Saturdays and Sundays, the deadline for filing a timely motion to alter or amend findings under Rule 7052, Fed.R.Bankr.P. was November 19, 2007.[3]   The Motion to Amend filed November 26, 2007 was filed well after the expiration of the time periods prescribed by Rule 52(b), Fed.R.Civ.P. and Rule 9006(a), Fed.R.Bankr.P., and is not timely under those Rules.  *Cf.  VFB LLC v. Campbell Soup Co.,* 336 B.R. 81, 85 (D.Del. 2005), *aff'd,* 482 F.3d 624 (3rd Cir. 2007) (motion to amend findings filed outside the ten-day period contained in Rule 9006(a) was untimely).  But the untimeliness of the Motion to Amend under Rule 52(b), Fed.R.Civ.P. fails to fully resolve the Motion to Strike.

Notwithstanding the ten-day limitation period prescribed by Rule 52(b), Fed.R.Civ.P., parties in interest may seek to reconsider an order allowing or disallowing a claim against the estate under Rule 3008, Fed.R.Civ.P.   Rule 3008 provides:

> A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate.  The court after hearing on notice shall enter an appropriate order.
>
> Rule 3008, Fed.R.Bankr.P.

Rule 3008, Fed.R.Bankr.P. does not contain a time limitation.   Thus, Rule 3008, Fed.R.Civ.P. permits a party in interest to request the Court to reconsider an order allowing or disallowing a claim against the estate outside the time constraints of Rules 7052, and 9023, Fed.R.Bankr.P.

---

[3]The Trustee calculates that the ten-day period expired November 23, 2007, the Friday following the Thanksgiving holiday, and consequently devotes a portion of the Motion to Strike arguing that the day after Thanksgiving is not a legal holiday, citing *In re Cascade Oil Co.,* 848 F.2d 1062 (10th Cir. 1988).

3

*See VFB LLC v. Campbell Soup Co.,* 336 B.R. at 86 ("[T]he 10-day time limit applicable to motions under Civil Rules 52 and 59 . . . does not apply to motions for reconsideration under Bankruptcy Rule 3008 . . . . However, a motion for reconsideration under Bankruptcy Rule 3008 that is filed beyond the ten-day deadline should be treated as a motion under Bankruptcy Rule 9024, which incorporates Civil Rule 60.")(citing *Matter of Aguilar,* 861 F.2d 873, 874 (5th Cir. 1988)).[4]  Based on the foregoing, the Court concludes that the Motion to Amend, filed more than ten days after the date of entry of the Order, must nevertheless be considered in accordance with Rule 3008, Fed.R.Bankr.P.  *See Enron,* 352 B.R. at 367 ( noting that "'[a]s the Advisory Committee Note to Bankruptcy Rule 3008 evidences, the bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary....'")(quoting *In the Matter of Colley*, 814 F.2d 1008, 1010 (5th Cir.1987) (citing Fed.R.Bankr.P. 3008, Advisory Committee Note (1983))).

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Strike is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Francis S Ainsa, Jr
Attorney for Catalina Development, Inc.
5809 Acacia Cir
El Paso, TX 79912-4859

Douglas R. Vadnais
Attorney for Chapter 7 Trustee
PO Box 2168
Albuquerque, NM 87103-2168

---

[4]*See also, In re Enron Corp.,* 352 B.R. 363, 367 (Bankr.S.D.N.Y. 2006) ("As neither Bankr. Rule 3008 nor section 502(j) specify any procedural deadline, motions for reconsideration  can therefore presumably be filed at any time."); *In re Ambassador Park Hotel, Ltd.,* 61 B.R.792, 796-797 (N.D.Tex.1986) (noting that "[n]either Rule 3008  nor Rule 9023 (in which category Rule 3008  motions are classified for purposes of Rule 8002(b)(3)) imposes a time limit for filing Rule 3008  motions.").

4